# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-0006V
UNPUBLISHED

|  |  |
|---|---|
| TUSHAR MASTER,<br><br>                 Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: February 12, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Christine Mary Becer, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On January 2, 2019, Tushar Master filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS"), Miller-Fisher syndrome variant, as a result of an influenza ("flu") vaccine he received on January 18, 2016. Petition at 1. Petitioner further alleges that he suffered the residual effects of his injury for more than six months. Petition at 20. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 27, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On February 12, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded: (a) $206,217.86, representing compensation for life care expenses expected to be incurred during the first year after judgment ($2,877.80), lost earnings ($48,308.65), pain and suffering

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

($155,000.00), and past unreimbursable expenses ($31.41); (b) $34,260.22 paid to the Rawlings Company to satisfy a Tufts Health Plan lien; (c) $961.69 to satisfy a Commonwealth of Massachusetts lien, and (d) an amount sufficient to purchase the annuity contract described in the attached Proffer.   Proffer at 3-6. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following:**

A.  A lump sum payment of $**206,217.86,** (representing compensation for life care expenses expected to be incurred during the first year after judgment ($2,877.80), lost earnings ($48,308.65), pain and suffering ($155,000.00), and past unreimbursable expenses ($31.41)) in the form of a check payable to Petitioner, Tushar Master.

B.  A lump sum payment of $**34,260.22**, representing compensation for satisfaction of a Tufts Health Plan lien, payable jointly to Petitioner and The Rawlings Company, and mailed to:

> The Rawlings Company
> ATTN: Travis R. Holmes
> Reference No.: 106174288
> P.O. Box 2000
> La Grange, KY 40031-2000

Petitioner agrees to endorse this payment to The Rawlings Company.

C.  A lump sum payment of $**961.69**, representing compensation for satisfaction of a Commonwealth of Massachusetts lien, payable jointly to Petitioner and Commonwealth of Massachusetts - CRU, and mailed to:

> COMMONWEALTH OF MA
> Casualty Recovery
> P.O. Box 417811
> Boston, MA 02241-7811
> Case Number: CRG578320
> ATTN: Robin Richard

Petitioner agrees to endorse this payment to Commonwealth of Massachusetts - CRU.

D.  An amount sufficient to purchase an annuity contract, as set forth in the attached Proffer and Appendix, subject to the conditions described therein, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart attached to the Proffer as Tab A.

These amounts represent compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| TUSHAR MASTER,<br><br>               Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | **No. 19-6V**<br>**Chief Special Master Corcoran**<br>**ECF** |

<u>**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**</u>

On January 2, 2019, Tushar Master ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered Guillain-Barré Syndrome ("GBS"), Miller Fisher Syndrome ("MFS") variant, from an influenza ("flu") vaccination administered on January 18, 2016. Petition at 1.  On March 27, 2020, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report conceding that petitioner is entitled to compensation in this case, concluding that petitioner suffered GBS/MFS following a flu vaccine he received on January 18, 2016.  ECF No. 35.  On March 27, 2020, the Court issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 36.

**I.**      <u>**Items of Compensation**</u>

    A.      <u>Life Care Items</u>

Petitioner submitted a life care plan representing an estimation of petitioner's future vaccine-injury related needs.  For the purposes of this proffer, the term "vaccine related" is as described in the respondent's Rule 4(c) Report.  All items of compensation identified in the life

care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Tushar Master, attached hereto as Tab A.  Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.  Petitioner agrees.

  B. <u>Lost Earnings</u>

The parties agree that based upon the evidence of record, Tushar Master has suffered a loss of earnings.  Therefore, respondent proffers that petitioner should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Respondent proffers that the appropriate award for Tushar Master's lost earnings is $48,308.65.  Petitioner agrees.

  C. <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $155,000.00 in actual and projected pain and suffering.  This amount reflects that any award for projected pain and suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

  D. <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents his expenditure of past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $31.41.  Petitioner agrees.

  E. <u>Tufts Health Plan Medicaid Lien</u>

Respondent proffers that Tushar Master should be awarded funds to satisfy a Tufts Health Plan Medicaid lien in the amount of $34,260.22, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Tufts Health Plan may have against any individual as a result of any Medicaid payments the Tufts Health Plan has made to or

on behalf of Tushar Master from the date of his eligibility for benefits through the date of

judgment in this case as a result of his vaccine-related injury suffered on or about January 18,

2016, under Title XIX of the Social Security Act.

      F.      <u>The Commonwealth of Massachusetts Medicaid Lien</u>

      Respondent proffers that Tushar Master should be awarded funds to satisfy a

Commonwealth of Massachusetts Medicaid lien in the amount of $961.69, which represents full

satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the

Commonwealth of Massachusetts may have against any individual as a result of any Medicaid

payments the Commonwealth of Massachusetts has made to or on behalf of Tushar Master from

the date of his eligibility for benefits through the date of judgment in this case as a result of his

vaccine-related injury suffered on or about January 18, 2016, under Title XIX of the Social

Security Act.

## II.    <u>Form of the Award</u>

      The parties recommend that the compensation provided to petitioner should be made

through a combination of lump sum payments and future annuity payments as described below,

and request that the Chief Special Master's decision and the Court's judgment award the

following:[1]

      A.  A lump sum payment of $206,217.86, representing compensation for life care

expenses expected to be incurred during the first year after judgment ($2,877.80), lost earnings

($48,308.65), pain and suffering ($155,000.00), and past unreimbursable expenses ($31.41) in

the form of a check payable to petitioner, Tushar Master.

---

[1]  Should petitioner die prior to entry of judgment, the parties reserve the right to move
the Court for appropriate relief.  In particular, respondent would oppose any award for future
medical expenses, future lost earnings, and future pain and suffering.

3

B.  A lump sum payment of $34,260.22, representing compensation for satisfaction of a

Tufts Health Plan lien, payable jointly to petitioner and The Rawlings Company, and mailed to:

> The Rawlings Company
> ATTN: Travis R. Holmes
> Reference No.: 106174288
> P.O. Box 2000
> La Grange, KY 40031-2000

Petitioner agrees to endorse this payment to The Rawlings Company.

C.  A lump sum payment of $961.69, representing compensation for satisfaction of a

Commonwealth of Massachusetts lien, payable jointly to petitioner and Commonwealth of

Massachusetts - CRU, and mailed to:

> COMMONWEALTH OF MA
> Casualty Recovery
> P.O. Box 417811
> Boston, MA 02241-7811
> Case Number: CRG578320
> ATTN: Robin Richard

Petitioner agrees to endorse this payment to Commonwealth of Massachusetts - CRU.

D.  An amount sufficient to purchase an annuity contract,[2] subject to the conditions

described below, that will provide payments for the life care items contained in the life care plan,

as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[3] from

---

[2]  In respondent's discretion, respondent may purchase one or more annuity contracts
from one or more life insurance companies.

[3]  The Life Insurance Company must have a minimum of $250,000,000 capital and
surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company
must have one of the following ratings from two of the following rating organizations:

> a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

4

which the annuity will be purchased.[4]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Tushar Master, only so long as petitioner is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

    1.    <u>Growth Rate</u>

Respondent proffers that a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

    2.    <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Tushar Master, is alive at the time that a particular payment is due.

---

    b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[4]  Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

Written notice shall be provided to the Secretary of Health and Human Services and the Life

Insurance Company within twenty (20) days of Tushar Master's death.

      3.    <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.**    **<u>Summary of Recommended Payments Following Judgment</u>**

    A.    Lump Sum paid to petitioner, Tushar Master:    **$206,217.86**

    B.    The Rawlings Company (Tufts Health Plan lien):    **$ 34,260.22**

    C.    Commonwealth of Massachusetts – CRU:    **$    961.69**

    D.    An amount sufficient to purchase the annuity contract described above in section II.D.

                 Respectfully submitted,

                 BRIAN M. BOYNTON
                 Acting Assistant Attorney General

                 C. SALVATORE D'ALESSIO
                 Acting Director
                 Torts Branch, Civil Division

                 HEATHER L. PEARLMAN
                 Acting Deputy Director
                 Torts Branch, Civil Division

                 DARRYL R. WISHARD
                 Assistant Director
                 Torts Branch, Civil Division

*s/Christine M. Becer*
CHRISTINE M. BECER
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 616-3665
Christine.m.becer@usdoj.gov

Dated: February 12, 2021

**Appendix A:  Items of Compensation for Tushar Master**                Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | | | Lump Sum Compensation Year 1 | Compensation Years 2-Life |
|---|---|---|---|---|---|
| | | | | 2021 | 2022-Life |
| Medicare Part B Premium | 5% | | M | 1,782.00 | 1,782.00 |
| Medicare Part B Deductible | 5% | | | 203.00 | 203.00 |
| Medicare Part D/ Medigap Premium | 5% | | M | 892.80 | 892.80 |
| Lost Earnings | | | | 48,308.65 | |
| Pain and Suffering | | | | 155,000.00 | |
| Past Unreimbursable Expenses | | | | 31.41 | |
| Tufts Health Plan Medicaid Lien | | | | 34,260.22 | |
| Commonwealth of Massachusetts  Lien | | | | 961.69 | |
| Annual Totals | | | | 241,439.77 | 2,877.80 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.

Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.

As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Year 1 life care expenses ($2,877.80), lost earnings ($48,308.65), pain and suffering ($155,000.00), and past unreimbursable expenses ($31.41): $206,217.86.

As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and The Rawlings Company, as reimbursement of the Tuft's Health Plan Medicaid lien: $34,260.22.

As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and Commonwealth of Massachusetts - CRU, as reimbursement of the Commonwealth's Medicaid lien: $961.69.

Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.

Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.

Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.